IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 96-40218
Summary Calendar

———————————————

WILLIAM ROBERT PARKER,

                              Petitioner-Appellant,

        v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
PARDONS & PAROLE DIVISION,

                              Respondent-Appellee.

—————————————————————————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
(6:95-CV-264)

—————————————————————————————————————————

October 3, 1996

Before KING, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

        William Robert Parker, Texas inmate #325353, appeals the

denial of his habeas corpus petition challenging the revocation

of his parole and continued confinement in prison.  He raises the

following issues on appeal:  1) the evidence was insufficient to

justify revocation of his parole; 2) his waiver of the

———————————————

        [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

preliminary revocation hearing was coerced; 3) he was denied counsel when he pleaded guilty to the misdemeanor charge arising from the same operative facts as the basis for the revocation of his parole; 4) due process was violated by the purported reliance on the misdemeanor conviction to revoke his parole; 5) revocation of parole was illegal because Parker had not been convicted of a subsequent felony; 6) Parker's detention prior to the revocation hearing violated due process; 7) the district court erred in its findings of fact and conclusions of law; 8) Parker's parole revocation and continued confinement violate double jeopardy; 9) Parker's parole revocation and continued confinement are ex post facto violations; and 10) the district court and the respondent erred by viewing Parker's thirteen grounds as raising only nine grounds.

We have carefully reviewed the arguments and the appellate record. For essentially the same reasons adopted by the district court in its order of dismissal, we conclude Parker has failed to raise a nonfrivolous issue for appeal. See Parker v. Director, TDCJ-PD, No. 6:95cv264 (E.D. Tex. Feb. 13, 1996). The appeal is without arguable merit and is therefore frivolous. 5th Cir. R. 42.2. The appeal is DISMISSED.

Parker has been warned by this court of the consequences of bringing frivolous appeals. See Parker v. Highland Ins., No. 96-20118 (5th Cir. Apr. 16, 1996) (unpublished). The warning has gone unheeded. Accordingly, Parker is BARRED from filing any pro

2

se, in forma pauperis (IFP), civil appeal in this court, or any pro se, IFP, initial civil pleading in any court which is subject to this court's jurisdiction, without the advance written permission of a judge of the forum court; the clerk of this court and the clerks of all federal district courts in this Circuit are directed to return to Parker, unfiled, any attempted submission inconsistent with this bar.

APPEAL DISMISSED; SANCTION IMPOSED.